## Samuel Christ, Plff. in Err., *v.* John I. Thompson.

The correct location of a tract of land may be ascertained by determining the location of other tracts in the same block of surveys.

The location of a tract actually made upon the ground is a question of fact for the jury, to be found from all the evidence.

(Decided March 1, 1886.)

Error to the Common Pleas of Centre County to review a judgment for plaintiff in an action of trespass *quare clausum fregit.* Affirmed.

---

NOTE.—Junior surveys may be located by reference to the lines of senior surveys. Lehigh Valley Coal Co. v. Beaver Lumber Co. 203 Pa. 544, 53

John I. Thompson, the defendant in error and plaintiff be-
low, brought an action of trespass December 29, 1877, against
Samuel Christ, the plaintiff in error, to recover treble damages
for cutting and removing timber trees from two tracts of land,
title admitted to be in defendant in error, in the warranty
names of John Louden and Thomas Grant, respectively. The
tracts are members of a block of thirteen surveys, the warrants
for which are dated May 16, 1793.

The answer of the plaintiff in error to the alleged trespass
was that he was the owner of the tract of land in the name of
George Campbell, which was admitted, and that all the timber
he directed to be cut was cut within the lines of said tract. And
this the evidence on the trial established beyond question, if the
George Campbell survey be located on the ground as returned
into the land office. It therefore became important to ascertain
the true location of the George Campbell survey. The Camp-
bell, being the older, would take whatever ground was occupied
by it, even though the John Louden and Thomas Grant tracts
might interfere with it. The real question, therefore, was as to
the location of the George Campbell survey.

Plaintiff in error contended on the trial of the case below that
the George Campbell survey was absolutely fixed and located by
marks found upon the ground for other tracts in the block, as
well as by its calls for adjoiners; tracts and adjoiners surveyed
and returned by John Canan, deputy surveyor, and that
after twenty-one years a conclusive presumption arose that it
was located on the ground as returned into the land office. John
I. Thompson, the plaintiff below, undertook to locate the George
Campbell survey 1½ or 2 miles west of its official connection

Atl. 379; Ferguson v. Bloom, 144 Pa. 549, 23 Atl. 49; Eister v. Paul, 54 Pa.
196; Dreer v. Carskadden, 48 Pa. 38; Collins v. Barclay, 7 Pa. 67. And
reference may be to a block of adjoining senior surveys for the same pur-
pose. Jackson v. Lambert, 121 Pa. 182, 15 Atl. 502.

Where any doubt or conflict exists as to the location, the question should
be submitted to the jury for determination. Quinn v. Heart, 43 Pa. 337;
Wilson v. Marvin, 172 Pa. 30, 33 Atl. 275; Humphrey v. Cooper, 183 Pa.
432, 38 Atl. 994; Lehigh Valley Coal Co. v. Beaver Lumber Co. 203 Pa. 544,
53 Atl. 379. So it is for the jury to pass upon the credibility of the wit-
nesses and the weight of the testimony. Cross v. Tyrone Min. & Mfg. Co.
121 Pa. 387, 15 Atl. 643; Wilson v. Marvin Rulofson Co. 201 Pa. 29, 50 Atl.
225. But if there is no conflict of evidence, and the only question is as to
the effect of it, the question is for the court. Ramage v. Peterman, 25 Pa.
349; Eister v. Paul, 54 Pa. 196.

so as to adjoin the Christian Musser tract, a tract of another block for which it does not call. By this means he sought to take the Campbell survey from its official connection, and carry it a distance of 2 miles, and locate it in what he termed "the notch of the Christian Musser," without a single mark being found for the location at that point, and without a single call, thus extending the lines of the John Louden and the Thomas Grant, the tracts owned by him, some 2 or 3 miles beyond their official distance; and increasing their official quantities three or four fold, notwithstanding they are patented tracks, severally patented as containing but 443 acres and 153 perches and allowance, the official quantity, which patents were accepted, and have been held by the owners of the tracts for many years.

The following are portions of the charge given by the court below to the jury:

The principal question to be determined involves the location of a tract of land surveyed in 1793. Generally the location of a tract of land is to be determined by the jury from all the facts and evidence in the case, and you are called upon in this case to determine the true location of the tract in question. Where the facts, however, are admitted,—that is, where there is no dispute as to the true location of the lines and corners,— then the question becomes one of law for the court, and not for the jury. And where the location of a tract of land is in dispute the jury must still be governed by certain and fixed rules of law to be laid down by the court. You will render a verdict in favor of the plaintiff for such damages as the law allows, in case, under the evidence, you find that the timber trees spoken of by the witnesses as having been cut by the defendant were actually cut upon the plaintiff's land. If they were not, or if they were cut upon the defendant's land, then, of course, you will render a verdict in favor of the defendant.

There is no question that the George Campbell tract owned by the defendant is a member of the block of surveys called the "Robert Morris block," the warrants for which were applied for on the 3d of August, 1792, and surveys were made thereon, I believe, first in the name of William Morris, June 13, 1793, some nine or ten months after the date of the warrants. The survey in the name of George Campbell, one of this block, as I stated, was surveyed according to the return of the deputy

surveyor, on June 22, 1793. The two surveys in the names of John Louden and Thomas Grant, respectively, owned by the plaintiff, were surveyed on warrants dated May 16, 1793, and the survey of John Louden was made on June 26, 1793.

So that you see the warrant and survey belonging to the defendant, Mr. Christ, is older; that it is older than the warrants and surveys belonging to the plaintiff, and, as a matter of course, being older, it is the best; that is, being older, the defendant's survey constitutes the better title, and if there is a conflict,—if there is an interference,—then the defendant's title would be the better; and, if he cut timber upon that tract, he would not be responsible for damages to the plaintiff.

There is a rule of law that, in the location of a survey, the marks found upon the ground, consisting of the lines and corners made by the surveyor at the time of the execution of his warrant, constitute the true survey; and the courses and distances must give way when there is a discrepancy between them and the marks upon the ground.

Then there is another well-established rule of law: That, where a number of surveys were made in a block, in locating them they are to be surveyed in a block,—that is, a block is to be considered as one survey; and if you can locate the block by exterior lines, then all the other surveys must, of course, be within it, and their location must be determined by lines returned into the land office, or by marks found upon the ground. Where an older block of surveys is called for in the return of survey of a younger block, then, in order to locate the younger it is necessary to first locate the older. The older is entitled to its land first, it having been applied for, and the commonwealth paid for the land contained within it before the junior. It is entitled to be first located, and that is the true way of ascertaining the location of the junior survey or junior block.

We instruct you in this case that the marks found upon the ground for any of these surveys constitute the true survey, and you must be governed by them. Where, however, the marks are not found upon the ground, then the survey as returned into the land office must govern the location of such survey. After a survey has been returned into the land office for twenty-one years, it is conclusively presumed to have been made upon the ground as returned, in the absence of marks upon the ground or natural or artificial boundaries or calls for older adjoiners.

Now, where surveys have been made in a block, and one of its members can be identified or located upon the ground, then there is no difficulty whatever in locating the whole body or block by official courses and distances where there are no lines or monuments of any kind, or adjoiners of any kind found upon the ground.

If the George Campbell tract is surveyed according to its official courses and distances in the tier to which it belongs, the jog would exist as contended for and represented. You find that the John Louden survey calls to adjoin the Risk tract, and it also calls, if it is a proper call, for the George Campbell tract on the west; and I leave to the jury to determine, from all the evidence in the case, whether that would be the true location, or was the true location upon the ground of the John Louden survey by the surveyor of 1793.

You have in evidence a block of surveys of which the John Louden tract is a member, and of which the Bartholomew Wistar tract is the leading warrant. By locating this block from the maple corner of the Bartholomew Wistar tract giving it its official course and distance along the Henry Pinkerton and Robert Reed tracts, you have that survey ascertained. Then running out the Richard Morris according to its course and distance you have that survey. Then immediately north of that you have the John Louden survey. By that location, according to the official course and distance of the John Louden tract, you would not be locating the John Louden survey to the east of the George Campbell survey, and it is possible from the evidence that it is so, and by such location, as I understand it, the John Louden tract would run up and cover part of the George Campbell survey.

If you find from the evidence in the case that the John Louden survey would occupy the place upon the ground immediately south of the southern line of the George Campbell survey, then you will determine whether Mr. Christ cut any timber over the George Campbell survey line, the true southern line of the George Campbell survey; for, if such is the location of the John Louden, then the cutting over the line 7 perches south of the Quay line would be upon the Louden survey.

The jury found a verdict for plaintiff for $12,509.80. Subsequently, upon motion for a new trial, plaintiff filed a re-

mittitur for the excess above $3,000, and judgment was entered in his favor for that amount; whereupon defendant brought error.

*C. G. Furst* for plaintiff in error.

*C. T. Alexander* and *Beaver & Gephart* for defendant in error.

PER CURIAM:

The question here was one of location. As is often the case, the correct location of a particular tract is ascertained by determining the location of other tracts in the same block of surveys. The location actually made on the ground is a question of fact to be found from all the evidence.

We have carefully considered all the specifications of error, and have examined the evidence. We find nothing in the charge nor in answer to the points, which gives the plaintiff in error any just cause of complaint.

Judgment affirmed.